PRICE, Judge.
Defendant, James B. McCraw, has appealed from the judgment maintaining plaintiffs’, Jimmy P. and Deborah Burns, right to possession of real property and ordering him to assert any adverse claim of ownership by a petitory action within sixty days of the date the judgment became final. The issues raised by defendant on appeal are: 1) Whether the trial court was correct in finding plaintiffs had actual or civil possession of the property during the year preceding the alleged disturbance, and 2) Whether the plaintiffs possessed the property as owners.
The pertinent facts are: In 1969 defendant sold the subject tract of land on Lake Bisteneau in Bienville Parish to Burns and his wife by credit sale deed. They immediately moved into the dwelling thereon and remained in actual possession until December 1973. On December 3, 1973, Burns executed an agreement to exchange the subject property to Francis P. Clemons in return for property in Houston, Texas and other considerations. By the terms of the contract, Burns agreed to pay the monthly installments due to defendant on the mortgage, and Clemons agreed to pay a like sum to Burns each month. Title to the property was not to be transferred until the indebtedness was completely liquidated. This agreement was not recorded. Clemons took possession and maintained actual physical possession of the property until November 1975. At that time Burns and Clemons signed a written lease to L. W. Patten. Patten continued in physical possession until May 1976.
The state and parish ad valorem taxes on the property were not paid for the year 1970, and without knowledge of any of the affected parties, the property was sold at tax sale on May 29, 1971, to R. Y. Butler. Defendant became aware of the tax sale in April 1976, after the period of redemption had expired, and acquired a quitclaim deed from Butler to the property for the sum of $750. This deed was recorded on April 30, *1101 1976. A few days after recording the quitclaim deed, defendant went to see Patten and advised him of his purchase of the property from Butler. As a result, Patten moved from the property.
Plaintiffs contend the recordation of the quitclaim deed by defendant and his causing the tenant, Patten, to vacate the property constitutes a disturbance in law and in fact of plaintiffs’ possession under La.C.C.P. Art. 3659.
Defendant first complains that the trial court was in error in finding plaintiffs had actual or civil possession of the property for more than a year prior to the alleged disturbance. This position is primarily based on the contention that plaintiffs cannot claim to have exercised civil possession through Clemons under the exchange agreement as Clemons possessed for himself and not plaintiffs. Defendant contends this does not meet the requirement of La.C.C.P. Art. 3656 which provides: “A plaintiff in a possessory action shall be one who possesses for himself. * * * ”
Neither the testimony of, nor the agreement between Clemons and Burns, supports this position. The agreement is in the nature of a bond for deed contract, and Clemons testified he considered the property to belong to Burns until such time as he had fulfilled the conditions of the contract, at which time, he was to receive title. The fact that Clemons procured the permission of Burns to lease the property to Patten and had Burns sign as a lessor in that agreement corroborates that Clemons did not consider himself to be possessing as owner. Burns, therefore, had actual possession commencing in 1969, followed by civil possession through Clemons under their contractual agreement and continued through the lessee, Patten.
Defendant secondly contends that even if it is found that plaintiffs had possession, this possession was not as an owner at the time of the alleged disturbances as required by La.C.C.P. Art. 3658.
In support of this argument, defendant introduced an instrument signed by Burns on June 3, 1976, declaring that the latter had sold or traded the subject property to Clemons in December 1973, and had received the full consideration for the property and had quitclaimed any interest he might have had to Clemons.
The trial judge rejected this argument on finding that the instrument was executed by Burns in connection with negotiation's of Clemons with defendant to reacquire the interest defendant bought from the tax-sale purchaser, Butler. The court found the negotiations did not materialize and that defendant returned the check tendered by Clemons, but retained the accompanying document which had never been recorded.
We believe the record supports this finding. At the time defendant acquired the quitclaim deed from the tax-sale purchaser, a dispute existed with Clemons and Burns as to whether payments were delinquent on the mortgage owed to defendant. In an attempt to settle the claimed delinquency, defendant offered to convey the interest he acquired in the property from the tax-sale purchaser directly to Clemons on payment of an agreed amount. Therefore, the instrument in question was prepared by Clemons’ lawyer and signed by Burns to rescue the property from the dilemma caused by the tax sale and expiration of the period of redemption. As the transaction for which the instrument was intended to be used did not take place, it should not be given the effect contended by defendant and preclude Burns from maintaining civil possession.
For the foregoing reasons, we affirm the judgment recognizing plaintiffs’ right to the possession and ordering defendant, James B. McCraw, to assert any adverse claim by petitory action within sixty days of finality of judgment, to the following described property:
A tract of land in Government Lot 5 in the SW Vi of Section 28, Township 16 North, Range 10 West, Bienville Parish, Louisiana, more particularly described as follows: From the Southeast corner of SW Vi of Section 28, said point being the Southeast corner of Government Lot 5, *1102 run thence North 706.9 feet; run West 741.0 to a point on the Northwest side of road for the point of beginning of the tract herein described; run thence South 45 degrees 0 minutes West with fence line 154.0 feet; run thence South 4 degrees 0 minutes East 250.0 feet to the waters edge of Lake Bisteneau; run thence Northwesterly with waters edge to a point on the Extended line (S56°W) of 0.8 acre tract;' run thence North 56 degrees 0 minutes East 13.8 feet to the Southeast corner of said 0.8 acre tract, continue North 56 degrees 0 minutes East with Southeast line of said 0.8 acre tract in all 255.0 feet to the Northeast corner of same on the North line of Lot 2; run thence East 260.7 feet to the point of beginning, containing 2.5 acres, more or less, LESS land below Government Contour line of Bisteneau Lake, all as per plat of said property prepared by Ben E. Ramsey, Registered Civil Engineer, dated July 3, 1959.
Costs of this appeal are assessed to appellant.